UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTHERN CALIFORNIA EDISON COMPANY, a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LAGUNA BEACH, a Municipal Corporation,<br><br>Defendant. | CASE NO. 8:17-CV-00618 JVS (DFMx)<br><br>[Discovery Document: Referred to Magistrate Judge Douglas F. McCormick]<br><br>**PROTECTIVE ORDER RE CONFIDENTIALITY OF DISCOVERY MATERIALS** |

Plaintiff Southern California Edison Company, on one hand, and Defendant City of Laguna Beach, on the other hand (collectively, the "Parties"), have submitted a Stipulation Re: [Proposed] Protective Order Re Confidentiality of Discovery Materials ("Stipulation"). Pursuant to the Stipulation, the Parties believe that entry of an order for the protection of confidential information that may be produced or otherwise disclosed by them or third parties during the course of this action (the "Action") will facilitate production and receipt of information during discovery in this action.

Accordingly, the Court, having considered the Stipulation and good cause appearing therefore, hereby ORDERS as follows:

1. <u>GOOD CAUSE STATEMENT</u>: Good cause exists for this Court to enter the Stipulated Protective Order as this action may involve the disclosure of the parties' confidential information or documents would put the producing Party at a competitive disadvantage or would create potential security risks if the information became known to the receiving Party or a third party. Such confidential information or documents consist of, among other things, customer information the California Public Utilities Commission requires be kept confidential, cost and pricing data for construction projects, electric utility design, planning, and construction criteria and standards, electric utility design plans and drawings, and critical energy/electric infrastructure information. The disclosure of cost and pricing data for construction projects would put the producing Party at a competitive disadvantage by making such information known to other potential vendors. Additionally, electric utility-related design, planning, and construction criteria and standards, plans and drawings, Critical Energy/Electric Infrastructure Information ("CEII") would create potential security risks, including to national security and public safety, by revealing details concerning the infrastructure (both physical and virtual) used to transmit and distribute electricity to customers. Pursuant to 18 Code of Federal Regulations Section 388.113, CEII is information

4831-9621-7423.2    1

that is defined as "specific engineering, vulnerability, or detailed design information about proposed or existing critical infrastructure that: (i) Relates details about the production, generation, transportation, transmission, or distribution of energy; (ii) Could be useful to a person in planning an attack on critical infrastructure; (iii) Is exempt from mandatory disclosure under the Freedom of Information Act, 5 U.S.C. 552 (2000); and (iv) Does not simply give the general location of the critical infrastructure." 18 CFR § 388.113(c)(2).

2. Any confidential information produced by or on behalf of any Party or non-party as part of discovery in this action may be designated by such Party as "Confidential." The Party producing the information designated as confidential is referred to herein as the "Designating Party."

3. A document may be designated "Confidential" when it contains private or business information that would be protected under the constitutional, statutory, or common law rights to privacy, or when it contains trade secret information entitled to protection under Federal Rule of Civil Procedure 26(c), including but not limited to, confidential business information such as cost and pricing data, design, planning, and construction criteria and standards, plans and drawings, critical energy/electric infrastructure information, or other information or documents that would put the producing person at a competitive disadvantage or would create potential security risks if the information became known to the receiving Party or a third party.

4. Information that is publicly available may not be designated as "Confidential."

5. Information designated "Confidential" may be used only in connection with this Action, and not for any other purpose. Such information may not be disclosed to anyone except as provided in the Order.

6. Any Party or non-party wishing to come within the provisions of the Order may designate as "Confidential" the documents (as defined in Federal Rule

1 of Civil Procedure 34 and Federal Rule of Evidence 1001) or portions thereof
2 which it considers confidential at the time the documents are produced.

3   7.  The Parties recognize that simply because a document falls into one of
4 the illustrative categories listed in Paragraph 2 does not indicate that it is
5 appropriately designated as "Confidential." The designation of material as
6 confidential pursuant to the Order shall mean that the producing Party has a
7 reasonable good faith belief that the material constitutes confidential information as
8 defined in the Order, and requires enhanced protection. Blanket designation of
9 documents or information as confidential en masse or without regard to the specific
10 contents of each document or piece of information is strictly prohibited.

11  8.  Each page of the document must be marked "Confidential" by the
12 producing Party. Any such stamp or designation shall not cover up, obscure or
13 otherwise conceal any text, picture, drawing, graph or other communication or
14 depiction in the document. In the case of confidential information disclosed in a
15 non-paper medium (*e.g.*, videotape, audiotape, computer disks, etc.), the
16 appropriate designation shall be affixed on the outside of the medium or its
17 container so as to clearly give notice of the designation. Documents or things
18 which cannot be reasonably labeled pursuant to this paragraph shall be so
19 designated by the producing Party by informing the receiving Party in writing.

20  9.  Any producing Party may, in good faith, designate information or
21 documents disclosed during deposition as Confidential by indicating on the record
22 at the deposition that the entire deposition testimony, or any specified part of the
23 testimony given or to be given, and/or all or any part of the document or thing
24 marked for identification at such deposition, is Confidential subject to the
25 provisions of this Protective Order. In the case of deposition testimony,
26 confidentiality designations may also be made within thirty (30) days after the
27 transcript has been received by counsel making the designation and shall specify
28 the testimony being designated Confidential by page and line number(s). Each

Party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control. Until the expiration of such 30-day period, the entire text of the deposition, including all testimony therein and exhibits thereto, shall be treated as Confidential under this Protective Order unless otherwise agreed by the parties.

10. Any documents or discovery responses labeled as "Confidential," as well as any copies or excerpts thereof, or analyses or reports which pertain thereto, and any deposition testimony or portion thereof marked as "Confidential," may be made available only to:

(a) the Parties (including their officers, directors, employees and in-house attorneys) and their attorneys of record in this Action (including such attorneys' employees, copy services and document management services);

(b) judges, magistrate judges, law clerks, and other clerical personnel of the Court before which this Action is pending;

(c) experts or consultants (and their staff) to any Party;

(d) a witness at any deposition or trial in this Action (including persons whom counsel in good faith believe will testify at a deposition or at trial) and counsel for such witness;

(e) any person noticed for deposition or designated as a trial witness to the extent reasonably necessary in connection with preparing to testify;

(f) any person who was the author, recipient, or copy recipient of a document or information for the purpose of interrogation of such person at trial, by deposition or during the course of preparation for trial, deposition or other proceedings in this Action;

(g) court and deposition reporters and their staff who are required to transcribe testimony;

(h) mediators, settlement judges and clerical personnel of such neutrals;

(i) to the extent that there are insurance policies under which any insurance carrier may liable to satisfy part or all of any judgment that may be entered in this Action, all such insurance carriers (including their insurance adjusters), and counsel for such carriers;

(j) the jury, if any, in the trial of this Action; and

(k) any other person upon order of the Court or upon prior written consent of the Designating Party.

11. Materials designated Confidential pursuant to this Protective Order are referred to collectively as "Designated Materials." Each person permitted by the Parties or their counsel to have access to Designated Materials under the terms of the Order (other than the persons identified in Paragraphs 9(a), 9(b), 9(f), and 9(j)) shall, prior to being given such access, be provided with a copy of the Order for review and shall sign an Undertaking of Confidentiality in the form of Exhibit A hereto, indicating that he or she has read the Order and agrees to comply with its terms. Counsel disclosing Designated Materials to such persons shall retain the original signed Undertaking of Confidentiality.

12. Designated Materials shall not be used by the receiving Party or by others to whom the receiving Party makes a disclosure pursuant to this Order for any purpose other than in connection with this lawsuit unless and until the "Confidential" designation is removed by agreement of the Parties or order of the Court.

13. The restrictions set forth in the Order shall not apply to information which is known to the receiving Party or the public before the date of its transmission to the receiving Party, or which becomes known to the public after the date of its transmission to the receiving Party, provided that such information does not become publicly known by any act or omission of the receiving Party, its employees, or its agents which would be in violation of the Order.

14. In the event that counsel for any Party desires to file with the Court any document which includes any Designated Materials, such papers shall be accompanied by an application, pursuant to Local Rule 79-5.2, to file the papers – or the confidential portion thereof – under seal. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal in a sealed envelope upon which shall prominently appear a statement substantially similar to the following:

> This envelope contains documents or information that are subject to a protective order. The confidentiality of the material is to be maintained and the envelope is not to be opened, or the contents revealed to any individual, except as provided in the protective order.

This Section shall not apply to the Parties' submission of exhibits for trial, nor the handling of exhibits during trial.

15. If, at any time during this Action, any Party believes that any other Party or non-party has improperly designated information as "Confidential," or believes that it is necessary to disclose designated information to persons other than those permitted by the Order, and the producing Party does not agree to change the designation or to allow the disclosure, the objecting Party may make, pursuant to Local Rule 37, a motion to the Court requesting that the specifically identified documents, information and/or deposition testimony be de-designated as Confidential and/or be available to specified other persons. A Party that elects to initiate a challenge to a designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party five (5) calendar days to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. If no response to this meet and confer process

is received from the Designating Party within five (5) calendar days, a challenging Party may proceed to the next stage of the challenge.

16. Subject to the Local Rules, a Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party (or if no response is received from the Designating Party within five (5) calendar days) may file and serve a motion that identifies the challenged material and set forth in detail the basis for the challenge. It shall be the burden of the Designating Party to demonstrate that the material or information at issue was properly designated as Confidential and entitled to protection under applicable law.

17. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the Action, a Party does not waive its right to challenge a confidentiality designation by election not to mount a challenge promptly after the original designation is disclosed.

18. In the event that any Party is served with a subpoena or other demand by any person, firm, corporation, or other entity who is not a party to this action, is not a signatory to the Order, or is otherwise not bound by the Order, which seeks to compel production of any Designated Materials, the Party upon whom the subpoena or demand is served shall give written notice of the subpoena or demand to the Party who has asserted that the information or documents requested are "Confidential." The written notice required by this paragraph shall be given no later than three (3) court days after receipt of the subpoena or other demand, or seven (7) court days before the production date set forth in the subpoena or other demand, whichever is earlier. The Party who designated the subject information or documents as "Confidential" shall have the responsibility to obtain an order from the Court quashing the subpoena, granting a protective order, and/or granting such other relief as will protect the alleged confidential nature of the subject information or documents. If such a motion is filed before the requested production date, the

1  Party upon whom the subpoena or other demand is served shall not produce the
2  subject information or documents until after such time as the Court rules on the
3  objecting Party's motion.  If an order quashing the subpoena or other protective
4  order is obtained, the Party upon who the subpoena, discovery request, or order is
5  served shall comply with the order.  If no motion to quash or motion for protective
6  order is filed before the scheduled production date set forth in the subpoena or other
7  demand, or if the motion to quash the subpoena or motion for protective order is
8  denied, the Party upon whom the subpoena or other demand is served may comply
9  with the same without being deemed to have violated the Order.

10      19.  The Order shall not apply to any document or information obtained by
11  a discovering Party which:
12      (a)  was already a matter of public record or knowledge before its
13  receipt through discovery;
14      (b)  became a matter of public record or knowledge after its
15  production in discovery; or
16      (c)  was previously produced without a confidentiality restriction.
17      20.  This Order may only be modified in a writing signed by the Parties and
18  approved by an order of the Court.
19      21.  The inadvertent or unintentional production of documents, materials,
20  testimony or information containing, or other disclosure of, private, confidential,
21  proprietary, or trade secret information that is not designated "Confidential" at the
22  time of the production or disclosure shall not be deemed a waiver in whole or in
23  part of a Party's claim of confidentiality or secrecy, either as to the specific
24  information disclosed or as to any other information relating thereto or on the same
25  or related subject matter.  Any error in designation or production shall be corrected
26  in writing as soon as reasonably possible after the designating Party becomes aware
27  of the error.  Upon receipt of such written notification, the receiving Party will treat
28  such documents, materials, testimony or other information as "Confidential."

Disclosure of documents, materials, testimony or other information prior to the receipt of such notice to persons not authorized to receive such documents, materials, testimony or information shall not be deemed a violation of this Protective Order. However, a receiving Party must use its best efforts to retrieve and re-designate the information in accordance with the requirements for Confidential information. The production of documents or other tangible things pursuant to a request for production by a Party hereto shall not be deemed a waiver of any right by the producing Party to object to the admissibility of such document or other thing on grounds of relevancy, materiality, privilege, or any other ground.

22. With respect to the inadvertent disclosure of privileged information:

(a) The Parties recognize that it may be impracticable to review thoroughly prior to production all information to be produced in this action in response to requests for discovery for possible protection by attorney-client privilege or the attorney work product doctrine, and wish to avoid undue delay and expense to the extent possible.

(b) The inadvertent production of information that is subject to a claim of any privilege or of protection as work product shall not constitute a waiver of any privilege or other protection, provided that—consistent with the provisions of Federal Rule of Civil Procedure 26(b)(5) and Federal Rule of Evidence 502—the producing Party notifies the receiving Party in writing of the inadvertent production as soon as practicable following the producing Party's discovery of the inadvertent production.

(c) Following the producing Party's written notice of the inadvertent production, and subject to Paragraph 20(e) below, the receiving Party shall not use such information for any purpose and shall promptly return, destroy, or delete from its databases all copies of the specified information and shall make reasonable efforts to retrieve the information if the receiving Party previously provided the information to third parties.

1          (d)     The receiving Party shall not assert a claim or argument in this or any other court or legal proceeding that the producing Party's act of inadvertently producing the information constituted a waiver of the producing Party's privilege or other protection over the information.

          (e)     If there is a disagreement as to whether the specified information is privileged or subject to protection, the receiving Party may file a motion seeking a determination by the Court.  Until the Court makes a determination of the privileged or protected status of the information, the receiving Party shall not use in any way (including, but not limited to, using the information in depositions or at trial) nor disclose the information to any other persons and shall make reasonable efforts to retrieve any of the information provided to third parties.

    23.   Within sixty (60) days of termination of this Action, unless the attorneys of record otherwise agree in writing, each Party shall:

          (a)     assemble and return all Designated Materials, including copies, to the person(s) and entity(ies) from whom the material was obtained, or

          (b)     destroy all Designated Materials and provide the other Party with written certification that such destruction was made.

    24.   Notwithstanding the preceding paragraph, the attorney of record for any Party may retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Designated Material.  Any such archival copies that contain or constitute Designated Material remain subject to this Protective Order.

    25.   This Order shall not affect the right of any Party to object to the production of any document or other information or to demand more stringent restrictions upon the treatment and disclosure of any document or other information, on the ground that such document or information contains particularly sensitive information, or otherwise.

26. This Order shall not prejudice the right of any Party or non-party to oppose production of any information on the ground of attorney-client privilege, work product immunity, or any other protection provided under the law.

27. Nothing herein shall be deemed either a waiver of any objection that any Party may have to the production of any document or information, nor an admission of the relevancy of any document or information requested.

28. The Court shall retain jurisdiction to make appropriate modifications to its Protective Order, and either Party reserves the right to seek additional protection with respect to specific information or materials produced in this action.

29. All provisions of the Order restricting the use, disclosure or communication of any Designated Materials shall continue to be binding on Parties, and their successors, assigns, heirs, and attorneys, after the conclusion of this Action.

30. This Order shall survive the final termination of this action, and the Court shall retain jurisdiction to resolve any dispute concerning the use of any information disclosed hereunder.

IT IS SO ORDERED.

Dated: September 21, 2017

_____
Honorable Douglas F. McCormick
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
## UNDERTAKING OF CONFIDENTIALITY

1. I have been asked by _____ or its counsel to receive and review certain materials or testimony that have been designated as "Confidential" within the terms of the Protective Order entered in the U.S. District Court, Central District of California, case entitled Southern California Edison Company v. City of Laguna Beach, 8:17-CV-00618 JVS (DFMx).

2. I have read the aforementioned Protective Order, and agree to be bound by it.

3. I declare the foregoing is true under penalty of perjury under the laws of the United States of America.

Dated:_____

Name:_____

4831-9621-7423.2